Nov. Term,
1853.

PAYTON and Another *v.* SECUR and Another.

PAYTON
v.
SECUR.

A special plea which merely denies allegations in the declaration which the plaintiff would on the general issue be bound to prove in support of his case, is bad on special demurrer, as amounting to the general issue.

A promissory note was executed and put into the hands of *A.* to be delivered to the payees upon their surrending up a letter of credit which they held to secure a debt of a third person. *A.* delivered up the note to the payees without receiving from them the letter of credit, and, having never surrendered it, they brought suit on the note. *Held*, that the note was void for want of consideration.

ERROR to the *Huntington* Circuit Court.

Saturday,
December 31.

DAVISON, J.—Assumpsit by the defendants in error against the plaintiffs in error upon two promissory notes, each for the payment of 250 dollars. The defendants pleaded two pleas : 1. That said notes were never delivered by them to the plaintiffs. 2. The second plea alleges, substantially, that the defendants, with others, on the first of *April*, 1851, at *Huntington* County, executed a letter of credit, and delivered it to one *Leonard Billey*, the object of which was to enable him to buy goods on credit in the State of *Ohio*. *Billey*, afterwards, on the 15th of said month, purchased of the plaintiffs, upon the faith of said letter, and on credit, a stock of goods amounting to ˙500 dollars. On the 23d of *August*, 1851, *Billey*, being in failing circumstances, proposed to the defendants that if they would execute their notes to the plaintiffs, he would cover the amount by a sale of goods to them out of his stock then on hand, and lift the letter of credit to be canceled. The defendants agreed to this proposition; the goods were, accordingly, delivered to them; and they signed the notes now in suit. The plaintiffs being in possession of said letter of credit, it was agreed that the surrender of it should be the consideration upon which they were to receive the notes. The notes were then, by agreement between the defendants and *Billey*, placed in the hands of one *F. A. Yahne*, to be by him taken to *Ohio*, where the plaintiffs resided, and delivered to them upon the surrender to him, *Yahne*, of said letter of credit. This he failed and refused

to do, but wrongfully, &c., held the notes in his posses-sion until the 21st of *December*, 1851. At this date the plaintiffs visited said county for the purpose of settling the business. They refused to give up the letter of credit, stating that they would rather have it than the notes. But *Yahne*, afterwards, with an intent to defraud the defendants, delivered said notes to the plaintiffs, without requiring. them to surrender said letter of credit, and it still remains in their possession; wherefore the notes are void, &c.

To each of the pleas there was a special demurrer sustained.

The first plea merely denies certain allegations in the declaration which the plaintiffs, on the general issue, would have been bound to show in support of their case. It was, therefore, objectionable on special demurrer.

The demurrer to the second plea states three causes, viz.: 1. That it consists of matter of fact amounting to the general issue. 2. It is argumentative. 3. Because it sets up matters with which the plaintiffs are in nowise connected.

None of these causes are well assigned. Then, the demurrer presents this inquiry: Does the second plea constitute a defence to the action? We think it does. When the notes were signed, it was expressly agreed be-tween the defendants and *Billey* that their delivery to the plaintiffs, and the surrender of the letter of credit, should be simultaneous. To this agreement the plaintiffs never assented; they even refused to comply with it. Nor did the defendants ever consent to the delivery of the notes on any condition other than that agreed on. Therefore the plaintiffs were not entitled to possession of the notes. If one party does not accede to a promise as made, the other party is not bound by it. Chitty on Cont. 9. *Tuttle* v. *Love*, 7 Johns. R. 470. The notes when offered to the plaintiffs were, in effect, nothing more than a proposal to alter a subsisting liability. This has not been done. The letter of credit is still in their possession and in full force. Without its surrender the plaintiffs could have no title to the notes. They went into their possession without any

consideration moving from them, and are, on that account, void.  *Stewart* v. *The Trustees*, &c., 2 Denio 403.—*Wood* v. *Edwards*, 19 Johns. R. 205.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. H. Colerick*, for the plaintiffs.

*J. R. Coffroth*, for the defendants.